*54
On Application for Rehearing

COBB, Judge.
The opinion of September 26,1997, is withdrawn and the following substituted therefor.
Tony Jerome Martin was convicted of distributing cocaine, a controlled substance, a violation of § 13A-12-211, Ala.Code 1975. He was sentenced to eight years in the penitentiary. Four issues were raised on appeal.
Martin contends that the trial court erred in ruling that he struck juror no. 8, D.L., for a racially discriminatory reason in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and in placing D.L. on the jury.
After voir dire, the State made a Batson motion alleging that the defense had used six of seven peremptory strikes to remove whites from the jury. R. 54. The trial court ruled that a prima facie case of discrimination had been shown and requested defense counsel’s reasons for each strike.
The following transpired.
“MR. MeMILLAN [defense counsel],... Strike Number 5 was Juror Number 8. That was Mrs. [D.L.] As I recall, and I did not write this down, I think she told me that she knew somebody that had a drug problem. She was one of the few. That’s why I struck her—
“MR. CHAPMAN [prosecutor]: Judge, that is not— that’s absolutely a false misrepresentation [sic] to the Court.
“MR. MeMILLAN: I didn’t— I did not write it down at that time, so, I had a problem, I’m trying to recreate who that was and I think she said that. But, I could be mistaken on that, but, I’ll assert that to the Court.”
R. 58-59.
The trial court ruled that the strike of D.L. was “not race-neutral.” R. 61. Then, the following occurred:
“MR. MeMILLAN: Judge, as I understand it, the State of Alabama— it’s always been the rule that even if— if I honestly believed, even though I may be mistaken, that Mrs. [D.L.] was the one that answered that way, that that still is a proper strike. And that’s my honest opinion, that she’s the one. I did not write it down at the time and that was my mistake, but I intended to strike the person that I thought answered that they knew someone that had a drug problem.
“THE COURT: You had the seating chart—
“MR. MeMILLAN: Yes, sir. But, I didn’t write it down. And that’s what I went by. I went by my seating chart trying to remember where the person was sitting and that’s where I came up with thab— if we could, I would ask the court reporter go back over the voir dire—
“THE COURT: That’s not necessary. I’ve decided that [D.L.] and [J.W.] are improper strikes.
“MR. MeMILLAN: Judge, we object to that....
[[Image here]]
“THE COURT: I find that [D.L.] and [J.W.] are not proper strikes and will go back on the panel.”
R. 62-65.
Martin asserts that the record indicates that D.L. was struck because she or a member of her family had been counseled for a drug problem.
A review of the record reveals that the following occurred during voir dire.
“MR. MeMILLAN [defense counsel]: Have any of you or a member of your family been in counseling for a drug problem?
“Mr. Richardson?
“Anyone else?
“Okay.
“THE REPORTER: I can’t hear her name.
“MR. MeMILLAN: That’s Mrs. [D.L.]. [D.L.] Mr. [J.W.], I think you raised your hand? You knew someone? ...”
R. 38.
The State argues that D.L. was not the juror who raised her hand in response to the question whether a family member had ever been counseled for a drug problem.
The State contends:
“Appellant is mistaken in his contention that the record shows that juror number *55 eight responded that a member of her family had been in counseling for a drug problem. It is true that defense counsel identified this juror as someone who said something after he asked such a question. However, the record itself does not demonstrate what the juror actually said at that time, or if she actually said anything.”
State’s brief at page 13.
The record is unclear concerning these assertions. However, the voir dire exchange contained in the record, together with the prosecutor’s vehement contradiction of the defense’s assertion that D.L. was the juror who raised her hand as a “absolutely a false” representation to the trial court, persuades this court that a remand of this case is necessary in order for the trial court to clarify whether the strike of D.L. was improper.
Accordingly, we remand this cause with instructions that the trial court clarify for the record whether D.L. was in fact the juror who acknowledged a familial relationship with someone who had a drug problem. The trial court may (based on its independent recollection of the incident) issue an order that answers the question, or if necessary, conduct a hearing. Due return shall be made by the trial court of the action taken below, which shall include written findings of fact, conclusions of law, and a transcript of the proceedings, if applicable. The trial court shall take the necessary action to ensure that the circuit clerk makes said return to this court at the earliest possible time within 70 days of the release of this opinion. This court reserves ruling on the other issues raised by Martin on appeal until a proper return to remand is made to this court.
OPINION OF SEPTEMBER 2(5, 1997, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; REMANDED WITH INSTRUCTIONS. 
AH the Judges concur.